ON MOTION FOR REHEARING.
 

 LATTIMORE, Judge.
 

 In his motion and oral argument supporting same, appellant insists that the evidence is insufficient to support the judgment, basing his contention upon the proposition that the evidence showed appellant to have transported the intoxicating liquor, if at all, in pursuance of an agreement had by him with an officer to procure evidence to be used in making cases against violators of the liquor law. We have carefully examined the testimony and regret that we can not agree with appellant’s contention. The testimony reveals that it was shown without dispute that appellant went from Cleburne in his car wih a man who had accosted him at a garage and wanted to go to some place where he could procure intoxicating liquor, that appellant and this stranger left Cleburne about 11 o’clock at night and came back in two or three hours, having in the car a gallon of whiskey. It is not disputed but that this whiskey had been brought by the strange man. A witness had heard appellant tell this stranger before they left that he would have to pay five dollars a gallon for the whiskey. After the stranger got out of appellant’s car and went away with a half gallon of the whiskey, appellant wrapped up the remaining half gallon and put it under the rear seat of the car, where it was later found by the officers who searched the car. The evidence indicates that gasoline for the trip was obtained by said stranger.
 

 Appellant took the stand as a witness in his own behalf but at no time testified that he bought the liquor, or that he knew or could identify any of the parties who were at the place west of Cleburne, where the liquor was purchased by said stranger. Appellant’s proposition that he was going after the liquor or that he transported it for the purpose of getting evidence, appears to have little foundation in view of his entire testimony. He admitted on cross-examination that at the time of leaving Cleburne with said stranger he had no money with which to buy any whiskey. He admitted that he did not buy any. He said that the reason the man who paid for the liquor did not take it all away with him when they got back was because said party stated that he wanted to leave the other in the car for a few minutes. Appellant undertook to state that he had some kind of an agreement with a Mr. Crawford, a deputy sheriff, to go down and get the whiskey. He said Mr. Crawford agreed to pay him five dollars a head for the men who were down there where he went ■after the whiskey, but on the witness stand he admitted he could
 
 *516
 
 not tell what men or how many of them were there and could not identify any of them as it was night when he was down there. He testified in one place that he brought the whiskey back with him to Cleburne for evidence against the men from whom he got it, but in another place admitted that he did not get any, and that all that was gotten belonged to this stranger, and that the stranger carried half of it- away and he expected him to come back and get the other presently. Appellant made no, report of the matter until after he was arrested. Mr. Crawford was put upon the witness stand and denied positively having made any such arrangement or agreement with appellant, as the latter testified to. As stated in the. original opinion, the matter was submitted to the jury in a favorable light to appelant and they have solved the issue against him.
 

 Appellant insists that the court erred in sustaining the State’s objection to a question propounded to witness Crawford on cross-examination, but the bill presenting this complaint is so destitute of any showing of the facts or circumstances or surroundings as to leave us in a condition that we cannot appraise the alleged error of the court in declining to admit the testimony.
 

 Our attention has been called to the fact that the sentence entered against appellant was for a definite period of three years. This is not in accordance with the terms of our indeterminate sentence law. The sentence will not be reformed so that the punishment of appellant shall be fixed at not less than one nor more than three years in the penitentiary, and as so reformed the judgment will be affirmed, and the motion for rehearing overruled.
 

 Overruled.